UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TARVIS WILSON,

    Plaintiff,

v.                                            Case No. 5:15cv193-MP/CJK

THOMAS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction. (Doc. 39). In this § 1983 action, plaintiff alleges defendants Donovan and Thomas attacked him while he was confined at Apalachee Correctional Institution. (Doc. 29). Plaintiff asserts that since filing the complaint, he "has been forced to endure retaliatory actions by defendants Thomas and Donovan co-workers and the employer of the defendants in a whole." Plaintiff claims he has received "frivolous and bogus disciplinary reports to create bad character of the plaintiff on record." He indicates he "is in fear of his life" due to the possibility he will be "maliciously battered again" by correctional officers or by an inmate bribed by correctional officers. He also contends correctional officers took his property away in November 2014 and he "is at risk of being deprived of all

documents concerning this civil rights action." For relief, plaintiff seeks a transfer to a privately-run correctional facility "that isn't operated by the State of Florida."

Plaintiff's motion should be denied because it is based on speculation. Plaintiff is no longer confined at Apalachee CI, the institution where the defendants are employed and plaintiff was allegedly abused. He has identified no connection between this litigation and the alleged retaliation and he has not established he will suffer irreparable injury if the requested relief is not granted. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"). Moreover, plaintiff is not seeking injunctive relief from defendants Donovan or Thomas and, as a general matter, this court is not authorized to order the Florida Department of Corrections to house inmates in particular facilities within the penal system. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against non-party).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (doc. 39) be DENIED.

At Pensacola, Florida, this 5th day of July, 2016.

Case No. 5:15cv193-MP/CJK

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.