UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TARVIS WILSON,

    Plaintiff,

v.                                    Case No. 5:15cv193-WTH-CJK

THOMAS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant Justin Thomas's Motion to Partially Dismiss Plaintiff's Third Amended Complaint. (Doc. 69). Plaintiff responded in opposition. (Doc. 71). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions, the undersigned recommends that the motion be granted in part and denied in part.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tarvis Wilson, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Suwannee Correctional Institution. He initiated this action on July 26, 2015, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The court screened the second amended complaint pursuant to 28 U.S.C. § 1915A and dismissed all of plaintiff's claims

except for an Eighth Amendment excessive force claim against Sergeant Thomas and Officer Donovan. (Docs. 31, 33). The United States Marshals Service successfully served Thomas but could not serve Donovan. (Docs. 45, 46). Through discovery, plaintiff learned the correct name of the second defendant is Javarrien Donald. (Doc. 61). Plaintiff subsequently moved to amend the complaint to: (1) correctly identify the name of the second defendant, Javarrien Donald; (2) remove the previously-dismissed claims again defendants Officer Thomas and Nurse Hamilton; and (3) add an additional request for injunctive relief. (Docs. 61, 62). The court granted the motion to amend, making the third amended complaint the operative pleading in this action. (Doc. 64). That complaint sets forth the factual allegations that follow.

While housed at Apalachee Correctional Institution on January 31, 2015, plaintiff was placed in hand restraints in preparation for being taken to the shower. Officer Thomas electronically opened plaintiff's cell door from the staff booth. As Sergeant Thomas escorted plaintiff to the shower, Sgt. Thomas said, "damn you got so close to me are you trying to kiss me or something?" After plaintiff told Sgt. Thomas "don't play no homosexual games with me," Sgt. Thomas replied, "I'm not playing, I'm serious." Sgt. Thomas then stated "I don't see you, I'm not scared of you, lil punk. You want to have a staring contest?" Sgt. Thomas began staring at plaintiff and asked plaintiff 4 times what plaintiff saw in Thomas's eyes. In response

to Sgt. Thomas's "'on-going' verbal onslaughts," plaintiff stated "you a bitch." Sgt. Thomas responded, "I got yo bitch, I'm a show you who a bitch is you just watch."

Between 4:00 and 5:00 a.m. the next morning, Officer Donald dropped 2 Religious Diet Program bags through plaintiff's cell door flap.[1] One of the bags had food in it and the other was empty. After realizing the bag intended for him was empty, plaintiff stuck his right arm out of the flap and requested that Donald summon the captain. Donald informed plaintiff that Sgt. Thomas told Donald "to give [plaintiff] that for last night." Officer Donald began threatening plaintiff and called Sgt. Thomas over to plaintiff's cell on a walkie-talkie. Sgt. Thomas forced an empty cereal bowl through plaintiff's door flap and then forced plaintiff's arm back into the cell through the flap.

"Seconds later," Officer Thomas electronically opened plaintiff's cell door from the officer's station. Sgt. Thomas entered plaintiff's cell and punched him in the face and body while using a set of handcuffs as brass knuckles. As a result, plaintiff's face and forehead swelled. After telling plaintiff's cellmate to sit on the bed, Officer Donald punched plaintiff and wrestled him to the ground. Donald held plaintiff down on the ground, kneeing and elbowing him. Donald also called plaintiff a "pussy nigga and fuck nigga." Plaintiff's cellmate "sought to end the

---

[1] Plaintiff indicates he "is of the Islamic faith and exercise religious dietary practices 'ritually' via (RDP) religious diet program meals at specific times of the day (morning, noon, and night)." (Doc. 62, p. 7).

physical abuse by pleading for Ofc. [Donald] to stop hitting plaintiff and get off the plaintiff." "Eventually," Officer Donald and Sgt. Thomas exited plaintiff's cell, leaving him "hurt and in pain on the floor."

On February 3, 2015, Nurse M. Hamilton examined plaintiff. Nurse Hamilton falsified documents indicating plaintiff had no injuries, "when in fact the plaintiff sustained various head, body, and face injuries." The extent of the injuries "was left undetermined due to" Nurse Hamilton's "negligence to provide plaintiff the requisite and adequate medical treatment for a head injury[.]"

Based on the foregoing, plaintiff claims Sergeant Thomas and Officer Donald violated his rights under the Eighth Amendment by using excessive force. Plaintiff seeks injunctive relief: (1) compelling the FDOC to implement regulations requiring that medical examinations following allegations of staff abuse be recorded and forwarded to the Inspector General's Office for prompt review; (2) compelling the FDOC to "enact a religious diet program for Muslims to provide them with a Halal menu pertaining to the laws of Islam"; (3) compelling the FDOC to transfer him to a correctional institution outside the FDOC's control; and (4) compelling the FDOC to upgrade its surveillance cameras. He also seeks a declaratory judgment, as well as compensatory and punitive damages.

Defendant Thomas has moved to partially dismiss the third amended complaint, arguing: (1) he is entitled to Eleventh Amendment immunity to the extent

he is being sued in his official capacity for damages; (2) plaintiff cannot establish an equal protection claim; and (3) plaintiff's claims for injunctive relief should be dismissed.

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").[2] Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Case No. 5:15cv193-WTH-CJK

555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

## DISCUSSION

Defendant Thomas argues plaintiff's equal protection claim should be dismissed. The court, however, previously dismissed that claim during preliminary screening conducted pursuant to 28 U.S.C. § 1915A. (Docs. 31, 33). Moreover,

when granting plaintiff's motion to amend the complaint, the court specifically stated "[t]he only active claim in this case is plaintiff's Eighth Amendment excessive force claim against Sergeant Thomas and Officer Donald." (Doc. 64). The motion to dismiss plaintiff's equal protection claim, therefore, should be denied as moot.

Defendant Thomas next claims he is entitled to Eleventh Amendment immunity to the extent he is being sued in his official capacity for damages. *See Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) ("[T]he Eleventh Amendment bars federal suits [for damages] against state officials in their 'official capacity' because such actions seek recovery from state funds.") (citation omitted); *see also Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995) ("[T]he Eleventh Amendment does not insulate state officials acting in their official capacities from suit in federal court, at least to the extent the complainant seeks prospective injunctive relief."). In response, plaintiff indicates he is suing defendants Thomas and Donald in their official capacities for declaratory and injunctive relief, and in their individual capacities for damages. As explained below, however, because plaintiff's prayer for declaratory and injunctive relief is not viable, plaintiff's official capacity claims should be dismissed in their entirety.

Defendant correctly argues plaintiff's requests for injunctive relief should be dismissed on the basis that the named defendants cannot provide plaintiff with the relief he requests. Plaintiff seeks 4 types of injunctive relief from the FDOC,

Case No. 5:15cv193-WTH-CJK

including a transfer, camera upgrades, the provision of a religious diet, and the enactment of new regulations concerning post-use-of-force examinations. The FDOC, however, is not a party to this action and the court cannot require it to provide the relief requested. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against non-party). Furthermore, the injunctive relief plaintiff seeks is not closely related to the conduct complained of in the complaint. *See Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) ("The remed[ial] [injunction] must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."); *Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S. Ct. 2038, 132 L. Ed. 2d 63 (1995) ("[T]he nature of the [remedial injunction] is to be determined by the nature and scope of the constitutional violation.") (citation and internal quotation marks omitted).

In addition, plaintiff's transfer away from Apalachee Correctional Institution moots any claim for declaratory relief. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); *McKinnon v. Talladega Cty. Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from

a jail moots his individual claim for declaratory and injunctive relief."). Thus, the only remedy plaintiff may pursue in this action is damages and plaintiff's official capacity claims against Thomas should be dismissed.

Furthermore, although defendant Javarrien Donald has not been served with the complaint, defendant Thomas's arguments are applicable to the claims raised against Donald. Plaintiff's official capacity claims against defendant Donald, therefore, should also be dismissed. In sum, the only viable claim for relief is plaintiff's Eighth Amendment excessive force claim for damages against the defendants in their individual capacities.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Justin Thomas's Motion to Partially Dismiss Plaintiff's Third Amended Complaint (doc. 69) be GRANTED IN PART and DENIED IN PART as follows. That plaintiff's official capacity claims against defendants Thomas and Donald for declaratory and injunctive relief be dismissed. That the motion to dismiss plaintiff's equal protection claim be denied as moot.

2. That this matter be referred to the undersigned for further pretrial proceedings on plaintiff's individual capacity Eighth Amendment excessive force claim for damages.

At Pensacola, Florida, this 27th day of April, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.